Per Curiam.

We think that a bill of exceptions will not lie in this case. The words of the statute, “that it shall be lawful for either party thinking himself or herself aggrieved by any opinion, direction, or judgment of said Court of Common Pleas, in any matter of law, to allege exceptions ” &c., are sufficiently general to include this case, but that clause is not to be construed by itself. The statute goes on to provide that the Supreme Judicial Court “ shall consider and determine the same action &c., and shall render judgment and issue execution thereon, or may grant a new trial at the bar of said Court,” &c. This evidently had relation to causes tried in the usual way. Here there was a submission to referees entered into before a justice of the peace. The St. 1786, c. 21, § 1, provides that the judgment of the Court of Common Pleas upon the report of the referees shall be final. [f we should take cognizance of this case, we could not jrder a trial by a jury.[1]

Exceptions dismissed, without costs.

 But where there has been a submission under a rule of court, exceptions will be sustained to proceedings on the report of referees. Miller v Miller, 2 Pick. 570 ; Olney v. Brown, 2 Pick. 571.